Dore, J.
(dissenting). The trial court correctly found that defendant used plaintiff’s name and picture for trade purposes in violation of section 51 of the Civil Rights Law.
It is immaterial whether the story accompanying the name or picture glorifies or ridicules the plaintiff. What is condemned is the use of the name or picture for trade or advertising purposes. An actual picture does not have to be utilized, a representation is sufficient. Immunities are recognized such as the reporting in a newspaper of a current event, in which the plaintiff played an active part; also a scientific or educational report does not come within the ban of the statute. However, if the design of the writer is to amuse the readers and with that object in mind, he magnifies and exaggerates the story so as to produce greater revenue, the immunity is lost. Where the prime motive of the publication is amusement for trade purposes, as a matter of law, the purpose is commercial.
In this case the medium by which the story was told and the picture and name of plaintiff used without his authorization was a picture book called “ Boy Comics ”. An examination of the so-called “ comic ” here involved is all that is necessary to show that its predominant purpose and design are to amuse and startle the reader with fictionalized and sensationalized pictures emphasizing imaginary, spectacular or gory features. The so-called “ Real Hero ” story exploiting plaintiff also contained exaggerations and flights of fancy consistent ivith the dominant character of the publication. The claim that defendant was reporting a current event and hence exempt from the statute has no basis in fact or law. The comic book with which we are concerned is not dedicated to reporting true stories of current events. The book contained the legend “ No actual person is named or delineated.” It is not set up as a medium of disseminating news. That claim is not supported, by the publication.
In Binns v. Vitagraph Co. (210 N. Y. 51, affg. this court, 147 App. Div. 783), the Court of Appeals held that the name and picture of the plaintiff in that case were used by defendant therein for trade purposes in contravention of section 51 of the Civil Rights Law. In all important aspects the Binns case *175 closely parallels the case before us, and the ruling therein should be here controlling’. In the Binns case, a series of moving pictures were used to depict the plaintiff whose name and person, in the form of a movie actor, were exploited. In this case a series of drawings depicts plaintiff in Coast Guard uniform and his name is used. Here, as in the Binns case, plaintiff claimed that he was greatly disturbed in mind and injured by defendant’s acts and the inference that he had commercialized his fame. The Court of Appeals said (p. 57, 58): “A picture within the meaning of the statute is not necessarily a photograph of the living person, but includes any representation of such person. The picture represented by the defendant to be a true picture of the plaintiff and exhibited to the public as such, was intended to be, and it was, a representation of the plaintiff. * * * If the use of the plaintiff’s name and picture as shown in this case is not within the terms of the statute, then the picture of any individual can be similarly made and exhibited for the purpose of showing his peculiarities as of dress and walk, and his personal fads, eccentricities, amusements and even his private life. By such pictures an audience would be amused and the maker of the films and the exhibitors would be enriched. The greater the exaggeration in such a series of pictures, so long as they were not libelous, the greater would be the profit of the picture-maker and the exhibitor. ’ ’
The court helow properly charged the jury that as a matter of law the statute had been violated, leaving to the jury only the assessment of damages. The award of damages by the jury should not be disturbed. The statute allows punitive as well as compensatory damages. Plaintiff, a member of the Coast Guard at the time, testified that as a result of this publication he was called to the Coast Guard District Headquarters and investigated to determine if he violated rules of the Coast Guard Public Relations and sold the rights to publish his picture and name; there was threat of court martial and discipline. After leaving the service, he was refused a job because of this publication on the ground that he had become a ‘ ‘ comic book character ”. He also testified that being depicted in person and by name in a publication of this nature was damaging, and the jury that had the publication before it could well so find.
Accordingly I dissent, and on this defendant’s appeal, I vote to affirm; on plaintiff’s cross appeal from the judgment (inso *176 far as it does not add interest to the verdict), I also vote to affirm.
G-lennon and Shientag, JJ., concur with Van Voorhis, J.; Peck, P. J., dissents and votes to affirm on the authority of Binns v. Vitagraph Co. (210 N. Y. 51); Dore, J., dissents in opinion.
Judgment reversed, with costs to defendant and the complaint dismissed, with costs. Settle order on notice.